## CIRCUIT COURT OF NELSON COUNTY

Clifford E. Wood

v.

Dorsey W. Sutton et al.

March 21, 1975

By JUDGE WILLIAM W. SWEENEY

Based on the evidence which I heard on March 14, 1975, and the view which I made on March 20, 1975, I rule as follows:

Complainant is entitled to an injunction to abate the nuisance created by defendant's chicken operation. There is persuasive evidence to support my finding that the odors complained of emanate from the defendants' poultry buildings and not from any source on complainant's property. Mr. Wood testified that prior to erecting the poultry buildings close to his residence, Mr. Sutton came to him and assured him that the proximity of the buildings to his home would create no problem with odors and that experts in the business had so informed him. Mr. Sutton denied any such conversation or representation. In fact, he testified, in effect, that since the chicken houses were being built on his property, he had no reason to consult his neighbor about possible odor problems. Under the circumstances and based on the evidence and my view, I feel that Mr. Sutton should have consulted Wood when he constructed two buildings to operate a chicken farm on a large-scale, commercial basis and located them approximately three hundred feet from Mr. Wood's residence.

Wood purchased his property in 1965 at a time when the Sutton property was vacant. Therefore, this is not a case where a party builds next to a chicken farm and then complains about it later. According to Mr. Sutton, he purchased his land in 1966 and started his chicken operation the following year.

Webster Co. v. Steelman, 172 Va. 342, 1 S.E.2d 305 (1939), held that odors which are offensive and disagreeable in such a manner as to render life uncomfortable and damage property rights constitute a nuisance and that proof of negligence is unnecessary. This is particularly true where the nuisance is created by a commercial, profit-making venture and private, individual rights are affected. A person must use his own property so as not to damage another. In the case at bar, while no monetary damages are sought, I find that the complainant, in fact, sustained damages caused by defendants' operation.

Attention is called to a recent annotation at 2 A.L.R.3d 965 "Keeping Poultry as Nuisance," particularly pages 972 through 976.

On March 20th, when I went to the Sutton farm unannounced and inspected the poultry buildings, I found them to be in good shape. I was impressed that at this time Mr. Sutton was apparently doing his best to operate a large scale poultry business in an efficient and sanitary manner using what appeared to be the latest equipment. The chicken sheds were reasonably clean and I detected no unusual odors. The problem is that odors have and will occur from time to time in spite of Mr. Sutton's efforts. The Wood residence is simply too close to the chicken sheds. It occurred to me that a row of tall trees, close together along the fence line might improve Wood's view and mitigate the odor problem. This is only a suggestion and might not be practicable.

While it is true that Mr. Sutton is now doing most of the things to be required by the injunction, nevertheless, I feel that Wood is entitled to a court order requiring such remedies.

The injunction shall provide that defendants:

1) Clean chicken houses daily and prior to 10 a.m. June 1st through October 1st of each year, weather permitting.

2) Not spread manure close to Wood's home.

3) Not overload spreader and place chemicals on all spilled manure.

4) Notify Wood in event of a serious breakdown of cleaning or hauling equipment. I will not require Sutton to borrow Wood's equipment, however. Neither will I require bond to be posted.

5) Not allow old or wet feed to accumulate to the point it causes offensive odors.

Counsel for complainant will submit an appropriate decree and injunction.